

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

2021 MCKINNEY AVENUE, SUITE 1600
DALLAS, TX 75201
214.999.3000 TEL
214.999.4667 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
214.999.4289
tscanne*@foley.com EMAIL

**RECEIVED OCT 2 2 2019**

October 11, 2019

**Via Registered Mail, First Class Mail, and Electronic Mail**

*3443 Zen Garden Limited Partnership*
*Attn: Adam Zarafshani*
*3443 Ed Bluestein Blvd.*
*Building V, Suite 100*
*Austin, Texas 78759*
*VIA HAND DELIVERY*

*Adam Zarafshani*
*3443 Ed Bluestein Blvd.*
*Building V, Suite 100*
*Austin, Texas 78759*
*VIA HAND DELIVERY*

3443 Zen Garden Limited Partnership
4210 Spicewood Springs Road, Suite 205
Austin, Texas 78759
Email: adam@panachehomes.com

3443 Zen Garden Limited Partnership
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Dan White
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Lot 11 Limited Partnership
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Eco-Industrial Business Park, Inc.
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Eightfold Developments, LLC
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Absolute Energy Resources Inc.
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

Absolute Environmental Waste Management Inc.
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: dwhite@symmetryinc.com

AUSTIN BOSTON CHICAGO DALLAS DENVER  DETROIT HOUSTON JACKSONVILLE LOS ANGELES MADISON  MEXICO CITY MIAMI MILWAUKEE NEW YORK ORLANDO  SACRAMENTO SAN DIEGO SAN FRANCISCO SILICON VALLEY TALLAHASSEE  TAMPA WASHINGTON, D.C. BRUSSELS TOKYO

4838-8630-9508.2



**FOLEY & LARDNER LLP**

October 11, 2019
Page 2

Adam Zarafshani
2833 Broadmoor Boulevard
Suite 260
Sherwood Park, Alberta, Canada T8H 2H3
Email: adam@panache-usa.com

Adam Zarafshani
4210 Spicewood Springs Road, # 205
Austin, Texas 78759
Email: adam@panachehomes.com

Eightfold Developments, LLC
4210 Spicewood Springs Road, # 205
Austin, Texas 78759
Email: adam@panachehomes.com

3443 Zen Garden GP LLC
4210 Spicewood Springs Road, # 205
Austin, Texas 78759
Email: adam@panachehomes.com

Re: **DECLARATION OF DEFAULT AND NOTICE OF ACCELERATION**: Loan Agreement dated April 27, 2018 (the "Loan Agreement") executed by 3443 Zen Garden Limited Partnership (the "Borrower") and Romspen Mortgage Limited Partnership (the "Lender"), arising from and related to that certain Promissory Note ("Note"), dated April 27, 2018, in the original maximum principal amount of $125,000,000.00, executed by Borrower and payable to the order of Lender, which Note is secured by, inter alia, the lien of that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (together with any other documents granting a security interest to secure the Note, each of which are expressly incorporated herein by reference, collectively, the "Security Instrument"), dated as of April 27, 2018, covering certain real and personal property (as such realty and personalty is specifically described and set forth in the Security Instrument, collectively referred to herein as the "Property") located in Travis County, Texas, which Note has been guaranteed by Adam Zarafshani, Daniel Alexander White, Eightfold Developments, LLC (collectively, the "Guarantors")[1] under those certain guarantee agreements (collectively, the "Guarantees") executed by Guarantors in favor of Lender, and each of the foregoing documents described hereinabove, together with certain other documents executed, delivered and/or completed in connection with the foregoing transaction documents, are collectively referred to herein as the "Loan Documents".

---

[1] Borrower, Guarantors, each of the parties defined as the "Borrower Parties" under the Loan Agreement, the addressees of this correspondence, and all other parties obligated to Lender under the terms of the Loan Documents are collectively referred to as the "Obligors".



**FOLEY & LARDNER LLP**

October 11, 2019
Page 3

Dear Obligors,

This firm represents the Lender in connection with the above-referenced matter. Lender is the owner and holder of the Loan Agreement, Note, Security Agreements, Guarantees and all Loan Documents executed in connection therewith. Capitalized terms used herein, but not otherwise defined, shall have the meanings specified in the Loan Documents. All future communications concerning this matter should be directed to the undersigned. If you are represented by legal counsel (other than counsel copied herein), please forward this transmission so that we may communicate directly with your attorney.

This letter shall serve as formal notice that Obligors are in default under the Loan Documents. Specifically, this correspondence officially constitutes a Declaration of Default (as such term is defined in the Loan Agreement). Obligors have defaulted under Section 7.1(a) of the Loan Agreement by failing to timely deliver to Lender one or more monetary obligations lawfully due and owing under the Note, the Loan Agreement and the other Loan Documents. Specifically, pursuant to Section 6.6 of the Loan Agreement, the Interest Reserve Fund was initially set at $8.5 million. Section 6.6 states: "*For so long as no Declaration of Default has occurred hereunder or under any of the other Loan Documents, Lender shall, on each Scheduled Payment Date, advance from the Interest Reserve Fund to itself the amount of the Monthly Debt Service Payment (as defined in the Note) and other accrued interest then due and payable under the Notes [sic]*". Lender has advanced the full Interest Reserve Fund to pay interest accrued on the Loan. As of the September 2, 2019, Scheduled Payment Date, the remaining balance of the Interest Reserve Fund was $56,395. Therefore, Borrower is responsible to make Monthly Debt Service Payments on Scheduled Payment Dates from funds other than Loan proceeds (unless, per 6.6, Lender approves Borrower's request to make Project savings available for Monthly Debt Service Payments. No request was received, and in any event, there are no Project savings available). Borrower did not make Debt Service Payments on either September 2, 2019, or October 1, 2019, of $796,240.27 (amount due net of the remaining balance in the Interest Reserve Fund), and $852,671.70, respectively (herein, the "Payment Default").

In addition to the Payment Default, Obligors have also failed to satisfy additional terms of the Loan Documents, which breaches have triggered additional Events of Default under the terms of the Loan Documents, including, without limitation:

- Misapplication of Advance Proceeds: On August 30, 2019, as part of draw request #14, Lender advanced $1,993,341.75 (out of a total Advance of $2,852,510.62) to Borrower for the purposes set out in the Draw Request and supporting materials. Without Lender's consent, and contrary to the representations in the draw request, $1,387,100.46 of the Advance funds were disbursed by the Borrower for purposes contrary to: (i) Borrower's representations in the Draw Request; and (ii) the Lender's approval thereof. Borrower's action in this regard has breached the terms of the Loan Documents, specifically including, without limitation, an Event



**FOLEY & LARDNER LLP**

October 11, 2019
Page 4

>of Default under Section 7.1(e) of the Loan Agreement.
>
>- <u>Waste (Section 3.5 of the Security Instrument)</u>: Under Section 3.5 of the Deed of Trust, Borrower (Grantor) covenanted not to commit or suffer any waste of the Property (a *"diminution of the Property's value resulting from the Borrower's negligent or willful failure to manage ... or otherwise operate the Property in a commercially reasonable manner"*). Borrower's abandonment of site operations constitutes a breach of this covenant.

There may be additional Events of Default existing under the terms of the Loan Documents that are not listed herein. Lender does not waive any other existing Events of Default by not explicitly referencing the same herein.

As a result of your Payment Default, you are hereby notified that the entire outstanding balance due under the Note and terms of the Loan Documents has been accelerated, and all of such indebtedness is now immediately due and payable to Lender.

Please advised that any discussions that may have occurred or may occur in the future between representatives of Obligors and of Lender regarding the Property or the Note evidence nothing more than the continuing good faith attempts of Lender to work out the existing problems in a manner reasonably acceptable to all parties. Obligors may not rely upon any such discussions in any manner or fashion. Unless and until a binding, written agreement has been fully executed by and between all parties, Lender's rights and remedies are and will continue to be fully enforceable under the terms of the Loan Documents.

Notwithstanding any previous action or inaction by or on behalf of Lender to the contrary, if any, you are hereby notified that Lender will hereafter require strict compliance with the terms and conditions of the Note and other Loan Documents.

Please be advised that we shall assume your debt to our client is valid unless, within thirty (30) days of the date of this letter, you dispute the validity of the debt, or any portion thereof, in writing. If you notify us within the thirty-day period that you dispute the validity of the debt, or any portion thereof, we will obtain verification of the debt, and we will mail such verification to you. If our client is not the original creditor regarding your debt, upon your written request within the above described thirty-day period, we will provide you with the name and address of the original creditor. Please note that your right to request a verification of the debt or to request the name and address of the original creditor does not affect our right to collect the full balance of Obligors' financial obligations and/or foreclose on the Property under the Loan Documents.

**Pursuant to the Fair Debt Collection Practices Act, you are advised that this office may be deemed to be a debt collector, that the debt collector is attempting to collect a debt, and any**


**FOLEY & LARDNER LLP**

October 11, 2019
Page 5

information obtained **will be used for that purpose.**

If you are a debtor under the United States Bankruptcy Code or if the debt described herein has been discharged under the United States Bankruptcy Code, notwithstanding anything contained in this letter to the contrary, this letter constitutes neither a demand for payment of the Note nor a notice of personal liability to, nor action against, any recipient hereof who might have received a discharge of the Note obligations in accordance with applicable insolvency laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code, or other similar insolvency laws, or who has paid or settled or is otherwise not obligated by law for the Loan Documents. If any such discharge or stay is currently applicable to any such recipient, then alternatively, this letter is served only to provide notice of the default under the Loan Documents, as described herein above, and out of an abundance of caution to satisfy certain notice provisions under the Loan Documents and the Texas Property Code, to the extent any such provisions thereunder may be applicable.

Lender reserves all rights provided for under the Loan Documents, including but not limited to the right to pursue and/or invoke any and all remedies permitted by applicable law and/or provided in the Loan Documents. Lender further reserves the right to collect all costs and expenses permitted by applicable law, including attorneys' fees, costs of documentary evidence, abstracts, title reports, appraisals, property condition assessments, broker's price opinions, inspection reports, statutory costs and any additional allowance made pursuant to the Loan Documents and applicable law.

This letter is written without prejudice to Lender's other rights and remedies, all of which are expressly reserved.

In the event that Obligors wish to discuss these matters, you may contact the undersigned counsel for Lender at 214-999-4289.

Your immediate attention to this matter is recommended.

Sincerely,

Thomas C. Scannell

TCS/aac

4838-8630-9508.2

**FOLEY**
FOLEY & LARDNER LLP

October 11, 2019
Page 6

— Date of Default
  ↳ DELAY TACTICS BEING EMPLOYED!

20 DAYS FROM DATE OF NOTICE (OR) RECEIPT?

NEED NOW!

cc: Clifton M. Dugas, II, Foley & Lardner LLP (email only)

Nicholas Legatos, Esquire (via email, Certified Mail, First Class Mail)
Hinshaw & Culbertson LLP
222 North LaSalle Street Suite 300
Chicago, Illinois 60601
nlegatos@hinshawlaw.com

Steven Carlyle Cronig, Esquire (via email, Certified Mail, First Class Mail)
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, Florida 33134
scc@hinshawlaw.com

[Handwritten notes, numbered list:]

1. TOP / PRESTIGIOUS / CONNECTED LITIGATION LAWYER (AUSTIN)

2. MORTGAGE vs DEED OF TRUST

3. LENDER MANAGING OPERATIONS

4. COLLUSION BETWEEN LENDER + CONSTRUCTION (GC)

5. PRINCIPLE OF GC — TOOK ALL POWERS OWNERSHIP
   CEO
   DIRECTOR
   +
   TRUSTEE

6. FILED PETITION AGAINST LENDER

7. DELAYING OBTAINING OF (TRO)

8. ALL ASSETS OF TRUST (CANADIAN ASSETS) COLLATERAL AT RISK
   ↳ STAY OBTAINED

9. [crossed out]

4838-8630-9508.2