UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 3443 ZEN GARDEN, LP, | § | CASE NO. 20-10410-hcm |
| *Debtor.* | § | CHAPTER 11 |
| | § | |

| | | |
|---|---|---|
| | § | |
| DANIEL WHITE, individually and as Trustee | § | |
| of the DAN WHITE FAMILY TRUST, A | § | |
| CANADIAN TRUST; DAN WHITE | § | ADVERSARY NO. 20-01047-hcm |
| FAMILY TRUST; A CANADIAN TRUST; | § | |
| ABSOLUTE ENVIRONMENTAL WASTE | § | |
| MANAGEMENT, INC.; ABSOLUTE ENERGY | § | |
| RESOURCES, INC.; LOT 11 GP, LTD.; LOT 11 | § | |
| LIMITED PARTNERSHIP; ECO INDUSTRIAL | § | |
| BUSINESS PARK, INC.; SYMMETRY ASSET | § | |
| MANAGEMENT, INC.; AND LINCOLN | § | |
| 1861, Inc., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| Romspen Mortgage Limited Partnership; Romspen | § | |
| Investments Corporation; Adam Zarafshani; | § | |
| and Panache Construction and Development, Inc., | § | |
| *Defendants.* | § | |

## ORIGINAL ANSWER OF DEFENDANTS ADAM ZARAFSHANI AND PANACHE CONSTRUCTION AND DEVEOPMENT, INC.'S

Defendants Adam Zarafshani and Panache Construction and Development, Inc. (collectively "Defendants") file this Original Answer to Plaintiffs' Amended Adversarial Complaint (Doc. #3) ("Complaint") and would respectfully show as follows:

### I. JURISDICTION AND VENUE

1.      Defendants deny that this Court has authority to issue final orders but otherwise admit the allegations in paragraph 1 of the Complaint.

### II. NATURE OF THE CASE

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.　　　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4.　　　Defendants admit that the lender Defendant exercised virtually exclusive control over the satisfaction of the loan terms but otherwise denies the allegations in paragraph 4 of the Complaint.

5.　　　Paragraph 5 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent, if any, that paragraph 5 contends that Defendants colluded or conspired with other defendants, those allegations are denied. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6.　　　Defendants admit that the lender Defendant acted in a capacity incommensurate with being a "mere lender" and took over valuable commercial real estate but otherwise deny the allegations in paragraph 6 of the Complaint.

7.　　　Defendants admit that the lender Defendant seeks to take ownership of the Austin property as a credit bidder and post-petition super-priority financer but otherwise denies the allegations in paragraph 7 of the Complaint.

### III. <u>PARTIES</u>

8.　　　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 8 through 19 of the Complaint.

9.　　　Defendants admit the allegations in paragraphs 20 through 26 of the Complaint.

10.　　　Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 27 through 36 of the Complaint.

11.     Paragraph 37 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint.

12.     Paragraph 38 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

13.     Paragraph 39 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants admit the allegations in paragraph 39 of the Complaint.

14.     Paragraph 40 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants admit the allegations in paragraph 40 of the Complaint.

15.     Paragraph 41 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint.

16.     Paragraph 42 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint.

17.     Paragraph 43 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.

18.     Paragraph 44 of the Complaint does not assert allegations against Defendants, so no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint.

19.     Defendants deny that Defendant Zarafshani's residential address is 4101 Cat Mountain Road, Austin, Texas, but otherwise admit the allegations in paragraph 45 of the Complaint.

20.     Defendants deny that Panache's head office is located at a P.O. Box, but otherwise admit the allegations of paragraph 46 of the Complaint.

21.     Defendants assert that the allegations of paragraph 47 of the Complaint are not simple, concise and direct as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure given the "and/or" characterizations within that paragraph. Subject to this objection, Defendants admit the allegations of paragraph 47 of the Complaint.

22.     Defendants assert that the allegations of paragraph 48 of the Complaint are not simple, concise and direct as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure given the "and/or" characterizations within that paragraph. Subject to this objection, Defendants deny the allegations of paragraph 48 of the Complaint.

23.     Defendants assert that the allegations of paragraph 49 of the Complaint are not simple, concise and direct as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure

given the "and/or" characterizations within that paragraph. Subject to this objection, Defendants

deny the allegations of paragraph 49 of the Complaint.

24.     Defendants admit the allegations of paragraph 50 of the Complaint.

25.     Defendants deny the allegations of paragraphs 51 through 54 of the Complaint.

## IV. <u>FACTS COMMON TO ALL COUNTS</u>

26.     Defendants admit the allegations in paragraph 55 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in paragraphs 56 through 147 of the Complaint.[1]

28.     Defendants admit the allegation in paragraph 148 of the Complaint that White

frequented the site, but lack knowledge or information sufficient to form a belief about the truth

of the allegations related to White's intentions.

29.     Defendants deny the allegations in paragraph 149 of the Complaint.

30.     Defendants admit the allegations in paragraph 150 of the Complaint.

---

[1] The link contained in footnote 1 (paragraph 59) is not a factual allegation that requires a response. To the extent a response may be required, Defendants answer that they admit the link is to Romspen's website but deny that the block quote contained in paragraph 59 appears in its entirety on that website.

Footnote 2 (paragraph 64) references "FM Commitments dated September 13, 2012, and June 6, 2013." As to the documents attached to the Complaint as Exhibit 1, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the documents.

Footnote 3 (paragraph 79) references "'Lamont properties' Commitment letter dated July 30, 2015." As to the document attached to the Complaint as Exhibit 2, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document.

Footnote 4 (paragraph 102) references "MOS8 Commitment Letter dated August 31, 2015." As to the document attached to the Complaint as Exhibit 3, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document.

Footnote 5 (paragraph 108) references "September 30, 2015 Purchase Statement." As to the document attached to the Complaint as Exhibit 4, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document.

Footnote 6 (paragraph 137) references "unsigned 'form' of July 2016 agreement." As to the document attached to the Complaint as Exhibit 5, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document.

31.     Defendants deny the allegations in paragraphs 151 through 154 of the Complaint.

32.     Defendants admit that Panache was made the general contractor of the development, but otherwise deny the allegations in paragraph 155 of the Complaint.

33.     Defendants admit that Defendant Zarafshani was appointed trustee of DWFT, but otherwise deny the allegations in paragraph 156 of the Complaint.

34.     Defendants admit the allegations in paragraph 157 of the Complaint.[2]

35.     Defendants deny the allegations in paragraphs 158 through 161 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 162 and 163 of the Complaint.

37.     Defendants deny the allegations in paragraph 164 of the Complaint.[3]

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165 of the Complaint.

39.     Defendants deny the allegations in paragraphs 166 through 171 of the Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 of the Complaint, as they are allegations as to what Romspen "contends." [4]

---

[2] Footnote 7 (paragraph 156) references "Acceptance of Trustee Appointment by AZ.") As to the document attached to the Complaint as Exhibit 6, Defendants admits the document is a true and correct copy of the "The Dan White Family Trust Appointment of Trustee" dated November 6, 2017.

[3] Footnote 8 (paragraph 164) references "Second Zen Commitment Letter dated February 1, 2018." As to the document attached to the Complaint as Exhibit 7, Defendants admit the document is a true and correct copy of letter agreement dated February 1, 2018, but Defendants deny that Plaintiffs' characterization of that letter is accurate.

[4] Footnote 9 (paragraph 172) references "copy of Loan Agreement dated April 27, 2018." As to the document attached to the Complaint as Exhibit 8, Defendants admit the document is a true and correct copy of a Loan Agreement dated April 27, 2018, but Defendants deny that Plaintiffs' characterization of that agreement is accurate.

Footnote 10 (paragraph 172) references "$125,000,000.00 Promissory Note." As to the document attached to the Complaint as Exhibit 9, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document, as the copy the April 2018 Promissory Note in Defendants' possession differs from the one attached as Exhibit 9.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173 of the Complaint, as they are, in part, allegations as to what Romspen "claims." That Romspens "claims" are contested by Plaintiffs is a legal assertion that does not require an answer.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 174 and 175 of the Complaint.

43.     Defendants deny the allegations in paragraphs 176 and 177 of the Complaint.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 178 through 181 of the Complaint.

45.     Defendants deny the allegations in paragraphs 182 of the Complaint.

46.     Defendants admit the allegations in paragraphs 183 and 184 of the Complaint.

47.     Defendants deny the allegations in paragraphs 185 of the Complaint.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 186 through 191 of the Complaint.

49.     Defendants admit the allegations of paragraph 192 of the Complaint as they pertain to Defendant Panache, but deny such allegations as to AZGROUP as that term is defined in the Complaint.

50.     Defendants admit the allegations in paragraphs 193 of the Complaint.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 of the Complaint.

52.     Defendants admit the allegations in paragraphs 195 of the Complaint.

53.     Defendants deny the allegations in paragraphs 196 through 199 of the Complaint.

---

54.     Defendants admit the allegations in paragraphs 200 of the Complaint.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 201 and 202 of the Complaint.[5]

56.     Defendants deny the allegations in paragraphs 203 and 204 of the Complaint.

57.     Defendants admit that Weldon travelled to the Austin Property and met with Zen's brokers, but denies the remainder of the allegations in paragraph 205 of the Complaint.

58.     Defendants deny the allegations in paragraph 206 of the Complaint.

59.     Defendants admit the allegations in paragraph 207 of the Complaint.

60.     Defendants deny that Romspen "demanded" excessive and/or unreasonable fees, but otherwise admit the allegations in paragraph 208 of the Complaint.

61.     Defendants deny the allegations in paragraph 209 of the Complaint.

62.     Defendants admit that there were sixteen draw requests and that eight were funded late, but Defendants otherwise deny the allegations in paragraph 210 of the Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211 of the Complaint.

64.     Defendants deny the allegations in paragraph 212 of the Complaint.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213 of the Complaint.

66.     Defendants admit the allegations in paragraphs 214 and 215 of the Complaint.

67.     Defendants deny the funding was low cost but otherwise admit the allegations in paragraph 216 of the Complaint.

---

[5] Footnote 11 (paragraph 201) references "'BTY report of May 21, 2019." As to the document attached to the Complaint as Exhibit 10, Defendants lack knowledge or information sufficient to speak to the authenticity, accuracy or completeness of the document.

68.     Defendants admit the allegations in paragraphs 217 through 219 of the Complaint.

69.     Defendants deny the lender referenced was a Texas lender but otherwise admit the allegations in paragraph 220 of the Complaint.

70.     Defendants admit the allegations in paragraphs 221 through 224 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 225 and 226 of the Complaint.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of whether Romspen had a pre-existing relationship with the lender, but otherwise admit the allegations in paragraph 227 of the Complaint.

73.     Defendants admit the allegations in paragraph 228 of the Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 of the Complaint.

75.     Defendants deny the allegations in paragraph 230 of the Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 of the Complaint.

77.     Defendants deny the allegations in paragraphs 232 and 233 of the Complaint.

78.     Defendants admit the allegations in paragraphs 234 of the Complaint, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the effect on the Austin Property development and whether the condemnation was "part of the plan."

79.     Defendants deny the allegations in paragraphs 235 of the Complaint.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 236 and 237 of the Complaint.

81.     Defendants deny the process was a "battle" but otherwise admit the allegations in paragraph 238 of the Complaint.

82.     Defendants deny the allegations in paragraph 239 of the Complaint.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240 of the Complaint, except that it admits that the agreed upon loan between the parties was for $125,000,000.00 and admits that Romspen at some point indicated an intent to limit disbursements to $102,000,000.00.

84.     Defendants admit the allegations in paragraph 241 of the Complaint.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242 of the Complaint.

86.     Defendants admit the allegations in paragraphs 243 through 245 of the Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 of the Complaint.

88.     Defendants admit the allegations in paragraph 247 of the Complaint.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 248 and 249 of the Complaint.

90.     Defendants admit that Romspen asked for a "Forbearance Agreement" but otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 of the Complaint.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251 of the Complaint.

92.     Defendants admit the allegations in paragraph 252 of the Complaint.[6]

---

[6] Footnote 12 (paragraph 252) references "'Notice of Default to ROMPSEN dated October 9." As to the document attached to the Complaint as Exhibit 11, Defendants admits the document is a true and correct copy of the October 9

93.     Defendants admit the allegations in paragraph 253 of the Complaint.[7]

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254 of the Complaint.

95.     Defendants admit the allegations in paragraph 255 of the Complaint.

96.     As to paragraph 256 of the Complaint, Defendants admit that Zarafshani sent the email attached to the Complaint as Exhibit 13, but Defendants deny that Plaintiffs' characterization of that email is accurate.[8]

97.     Defendants deny the allegations in paragraph 257 of the Complaint.

98.     As to paragraph 258, Defendants admit that Zarafshani sent the email attached to the Complaint as Exhibit 13, but Defendants deny that Plaintiffs' characterization of that email is accurate.

99.     Defendants deny the allegations in paragraph 259 and 260 of the Complaint.

100.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 261 and 262 of the Complaint.

101.     Defendants deny the allegations in paragraphs 263 through 265 of the Complaint.

102.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266 of the Complaint.

103.     Defendants deny the allegations in paragraphs 267 and 268 of the Complaint.

---

Notice of Default, except that it contains highlighting not contained in the document in its original form.

[7] Footnote 13 (paragraph 253) references "'Notice of Default to ZEN dated October 11." As to the document attached to the Complaint as Exhibit 12, Defendants admits the document is a true and correct copy of the October 11 Notice of Default, except that it contains highlighting not contained in the document in its original form and contained handwriting on the last page not contained in the document in its original form.

[8] Footnote 14 (paragraph 256) referenced "AZ email to WHITE dated October 19, 2019." As to the document attached to the Complaint as Exhibit 13, Defendants admit that it is a true and correct copy of an email Zarafshani dated October 19, 2019.

ORIGINAL ANSWER – ZARAFSHANI AND PANACHE– PAGE 11

104.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269 of the Complaint.

105.     Defendants deny the allegations in paragraphs 270 through 272 of the Complaint.

106.     Defendants admit the allegations in paragraph 273 of the Complaint but deny any suggestion that the agreement was voluntary.

107.     Defendants admit that a non-suit was taken in the Texas lawsuit on November 27, 2019, but otherwise deny the allegations in paragraph 274.

108.     Defendants deny the allegations in paragraph 275 of the Complaint.

109.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276 of the Complaint.

110.     Defendants admit the allegations in paragraph 277 of the Complaint, but deny that the bankruptcy petition was filed on April 15, 2020.

111.     Defendants deny the allegations in paragraphs 278 through 284 of the Complaint.

112.     Defendants admit that Zarafshani became a director of Absolute. The remainder of paragraph 285 contains conclusions of law to which no response is required.

113.     Defendants deny the allegations in paragraphs 286 through 296 of the Complaint, except that Defendants admit the allegation in paragraph 290 that Zarafshani resigned as Director of Absolute on October 29, 2019.

114.     Defendants admit that Zarafshani individually became a director of Eco on October 26, 2018, but otherwise deny the allegations in paragraph 297 of the Complaint.

115.     Defendants admit that Zarafshani became a director of Eco. The remainder of paragraph 298 contains conclusions of law to which no response is required.

116.    Defendants deny the allegations in paragraphs 299 through 310 of the Complaint, except that Defendants admit the allegation in paragraph 304 that Zarafshani resigned as Director of Eco on October 29, 2019.

117.    Paragraphs 311 and 312 contains legal assertions that do not require an answer.

118.    Defendants deny the allegations in paragraphs 313 through 339 of the Complaint.

119.    Paragraphs 340 through 347 of the Complaint (First Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer as follows:

(a)    As to paragraph 340, Defendants incorporate by reference their answers to paragraphs 1 to 339 above;

(b)    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 341 and 342;

(c)    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 343, except for the following: Defendants deny the allegations in parts (5), (7), (6) and (8) of paragraph 343 of the Complaint;

(d)    Paragraphs 344 through 346 of the Complaint contain legal assertions that do not require an answer.  To the extent an answer may be required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 344 through 346; and

(e)    Paragraph 347 of the Complaint contains legal assertions and allegations of damages that do not require an answer.

120.    Paragraphs 348 through 359 of the Complaint (Second Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer as follows:

(a)    As to paragraph 348, Defendants incorporate by reference their answers to paragraphs 1 to 347 above;

(b)    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 349 of the Complaint;

(c)    Paragraphs 350 through 358 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 350 through 358 of the Complaint; and

(d)    Paragraph 359 contains legal assertions and allegations of damages that do not require an answer.

121.    Paragraphs 360 through 375 of the Complaint (Third Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer as follows:

(a)    As to paragraph 360, Defendants incorporate by reference their answers to paragraphs 1 through 359 above;

(b)    Defendants admit the allegations in paragraph 361 of the Complaint;

(c)    Defendants deny the allegations in paragraphs 362 and 363 of the Complaint

(d)    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 364 through 372 of the Complaint;

(e)    Paragraphs 373 and 374 contains legal assertions and allegations of damages that do not require an answer; and

(f)    Paragraph 375 contains legal assertions and allegations of damages that do not require an answer.

122.    Paragraphs 376 through 381 of the Complaint (Fourth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer as follows:

(a)    As to paragraph 376, Defendants incorporate by reference their answers to paragraphs 1 through 375 above;

(b)    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 377;

(c)    Paragraphs 378 through 380 contain legal assertions that do not require an answer; and

(d)    Paragraph 381 contains legal assertions and allegations of damages that do not require an answer.

123.    Paragraphs 382 through 384 of the Complaint (Fifth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer the following:

(a)    As to paragraph 382, Defendants incorporate by reference their answers to paragraphs 1 through 381 above; and

(b)    Paragraphs 383 and 384 contain legal assertions that do not require an answer. To the extent an answer may be required, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 383 and 384 of the Complaint.

124.     Paragraphs 385 through 394 of the Complaint (Sixth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer;

(a)     As to paragraph 385, Defendants incorporate by reference their answers to paragraphs 1 through 384 above;

(b)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 386 and 387;

(c)     Defendants admit the allegations in paragraph 388 of the Complaint;

(d)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 389 of the Complaint; and

(e)     Paragraphs 390 and 394 contain legal assertions that do not require an answer.

125.     Paragraphs 395 through 402 of the Complaint (Seventh Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer that:

(a)     As to paragraph 395, Defendants incorporate by reference their answers to paragraphs 1 through 394 above;

(b)     Paragraphs 396 through 398 contain legal assertions that do not require an answer;

(c)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 399, except for the following:

Defendants admit the allegations in parts (e) of paragraph 399 of the Complaint; admit the allegations in part (p) of paragraph 399 of the Complaint to the extent it refers to the first draw but otherwise deny the allegations in part (p); and deny the allegations in parts (k), (l), (m), and (n) of paragraph 399 of the Complaint;

(d)     Paragraphs 400 and 401 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny these allegations; and

(e)     Paragraph 402 contains legal assertions and a statement for relief that do not require an answer.

126.    Paragraphs 403 through 409 of the Complaint (Eighth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

(a)     As to paragraph 403, Defendants incorporate by reference their answers to paragraphs 1 through 402 above;

(b)     Paragraph 404 contains legal assertions that do not require an answer;

(c)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 405 through 408, except for the following: Defendants admit the allegations in part (b) of paragraph 405 of the Complaint; admit the allegations in part (h) of paragraph 405 of the Complaint to the extent it refers to the first draw but otherwise deny the allegations in part (h); and deny the allegations in parts (f) and (g) of paragraph 405 of the Complaint; and

(c)     Paragraph 409 contains legal assertions and allegations of damages that do not require an answer.

127.    Paragraphs 410 through 414 of the Complaint (Ninth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

(a)     As to paragraph 410, Defendants incorporate by reference their answers to paragraphs 1 through 409 above;

(b)     Paragraphs 411 through 413 contain legal assertions that do not require an answer; and

(d)     Paragraph 414 contains legal assertions and allegations of damages that do not require an answer.

128.    Paragraphs 415 through 421 of the Complaint (Tenth Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

(a)     As to paragraph 415, Defendants incorporate by reference their answers to paragraphs 1 through 414 above; and

(b)     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 416 through 421 of the Complaint.

129.    As so paragraphs 422 through 429 (Eleventh Cause of Action), Defendants answer:

(a)     As to paragraph 422, Defendants incorporate by reference their answers to paragraphs 1 through 421 above;

(b)     Defendants admit the allegation in paragraph 423 of the Complaint that Zarafshani was a duly appointed trustee of the DWFT but deny that he was trustee "at all times material hereto;"

(c)     Paragraph 424 contains legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations in paragraph 424 of the Complaint;

(d)     Defendants deny the allegations in paragraph 425 of the Complaint;

(e)     Paragraphs 426 and 427 contains legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations in paragraph 424 of the Complaint;

(f)     Defendants deny the allegations in paragraphs 428 of the Complaint; and

(g)     Paragraph 429 contains legal assertions and allegations of damages that do not require an answer.

130.    As to paragraphs 430 through 434 of the Complaint (Twelfth Cause of Action), Defendants answer:

(a)     As to paragraph 430, Defendants incorporate by reference their answers to paragraphs 1 through 429 above;

(b)     Defendants admit the allegation in paragraph 431 of the Complaint that Zarafshani was a director of Absolute and Eco but deny that he was director "at all times material hereto;" The remainder of paragraph 431 contains legal assertions to which no response is required;

(c)    Paragraphs 432 and 433 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraphs 432 and 433; and

(d)    Paragraph 434 contains legal assertions and allegations of damages that do not require an answer.

131.    As to paragraphs 435 through 452 of the Complaint (Thirteenth Cause of Action), Defendants answer:

(a)    As to paragraph 435, Defendants incorporate by reference their answers to paragraphs 1 through 434 above;

(b)    Defendants deny the allegations in paragraphs 436 and 437 of the Complaint;

(c)    Paragraph 438 is not a complete sentence. Defendants admit Zarafshani and Panache bore the professional skills, experience, and business connections to serve as General Contractor of the Austin Property development, but otherwise deny the allegations in paragraph 438 of the Complaint;

(d)    Defendants deny the allegations in paragraphs 439 through 451 of the Complaint; and

(e)    Paragraph 452 contains legal assertions and allegations of damages that do not require an answer.

132.    As to paragraphs 453 through 458 of the Complaint (Fourteenth Cause of Action), Defendants answer:

(a)    As to paragraph 453, Defendants incorporate by reference their answers to paragraphs 1 through 452 above;

(b)  As to paragraph 454, Defendants incorporate by reference their answers to paragraphs 340 and 341 above;

(c)  Paragraph 455 through 457 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs; and

(d)  Paragraph 458 contains legal assertions and allegations of damages that do not require an answer.

133.  As to paragraphs 459 through 461 of the Complaint (Fifteenth Cause of Action), Defendants answer:

(a)  As to paragraph 459, Defendants incorporate by reference their answers to paragraphs 1 through 458 above; and

(b)  Defendants deny the allegations in paragraphs 460 and 461 of the Complaint.

134.  As to paragraphs 462 through 468 of the Complaint (Sixteenth Cause of Action), Defendants answer:

(a)  As to paragraph 462, Defendants incorporate by reference their answers to paragraphs 1 through 461 above; and

(b)  Paragraph 463 through 468 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs.

135.  As to paragraphs 469 through 476 of the Complaint (Seventeenth Cause of Action), Defendants answer:

(a)     As to paragraph 469, Defendants incorporate by reference their answers to paragraphs 1 through 468 above; and

(b)     Paragraph 470 through 476 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs.

136.     As to paragraphs 477 through 483 of the Complaint (Eighteenth Cause of Action), Defendants answer:

(a)     As to paragraph 477, Defendants incorporate by reference their answers to paragraphs 1 through 476 above;

(b)     Paragraph 478 through 482 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs; and

(c)     Paragraph 483 contains legal assertions and allegations of damages that do not require an answer

137.     As to paragraphs 484 through 489 of the Complaint (Nineteenth Cause of Action), Defendants answer:[9]

(a)     As to paragraph 484, Defendants incorporate by reference their answers to paragraphs 1 through 483 above;

(b)     As to paragraph 485, Defendants incorporate by reference their answers to paragraphs 340 and 341 above;

---

[9] The header for the Nineteenth Cause of Action suggests it is as to Rompsen, but the content appears to be as to Zarafshani and Panache.

    (c)    Paragraph 486 through 488 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs; and

    (d)    Paragraph 489 contains legal assertions and allegations of damages that do not require an answer.

138.    As to paragraphs 490 through 495 of the Complaint (Twentieth Cause of Action), Defendants answer:

    (a)    As to paragraph 490, Defendants incorporate by reference their answers to paragraphs 1 through 489 above;

    (b)    Paragraph 490 through 494 contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs; and

    (c)    Paragraph 495 contains legal assertions and allegations of damages that do not require an answer.

139.    Paragraphs 496 through 499 of the Complaint (Twenty-First Cause of Action) do not assert a cause of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

    (a)    As to paragraph 496, Defendants incorporate by reference their answers to paragraphs 1 through 495 above;

    (b)    Defendants admit the allegations in paragraph 497 of the Complaint;

    (c)    Defendants admit the allegations in paragraph 498 of the Complaint, except that they deny the referenced mortgages, instructions or real estate ultimately belonged to Plaintiffs; and

(d)     Paragraph 499 contains legal assertions that do not require an answer.

140.    Paragraphs 500 through 503 of the Complaint (Twenty-Second Cause of Action) do not assert causes of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

(a)     As to paragraph 500, Defendants incorporate by reference their answers to paragraphs 1 through 499 above;

(b)     Paragraphs 501 through 502 of the Complaint contain legal assertions that do not require an answer; and

(c)     Paragraph 503 contains a request for relief that does not require an answer.

141.    Paragraphs 504 through 507 of the Complaint (Twenty-Third Cause of Action) do not assert causes of action against Defendants, so no response is required. To the extent a response may be required, Defendants answer:

(a)     As to paragraph 504, Defendants incorporate by reference their answers to paragraphs 1 through 503 above;

(b)     Paragraphs 505 through 506 of the Complaint contain legal assertions or requests for relief that do not require an answer; and

(c)     Paragraph 507 contains a request for relief to which no response is required.

142.    As to paragraphs 508 through 514 of the Complaint (Twenty-Fourth Cause of Action), Defendants answer:

(a)     As to paragraph 508, Defendants incorporate by reference their answers to paragraphs 1 through 507 above;

    (b)    Paragraphs 509 through 513 of the Complaint contain legal assertions or that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs.; and

    (c)    Paragraph 514 of the Complaint contains a request for relief to which no response is required.

143.    As to paragraphs 515 through 521 of the Complaint (Twenty-Fifth Cause of Action), Defendants answer:

    (a)    As to paragraph 515, Defendants incorporate by reference their answers to paragraphs 1 through 514 above; and

    (b)    Paragraphs 516 through 521 of the Complaint contain legal assertions that do not require an answer. To the extent an answer is required, Defendants deny the allegations in these paragraphs.

144.    As to paragraphs 522 through 526 of the Complaint (Twenty-Sixth Cause of Action), Defendants answer:

    (a)    As to paragraph 522, Defendants incorporate by reference their answers to paragraphs 1 through 521 above; and

    (b)    Paragraphs 523 through 526 of the Complaint contain legal assertions that do not require an answer. To the extent these paragraphs contain any factual allegations, Defendants deny the allegations.

## V. **PRAYER**

145.    The prayer of the Complaint is a statement for relief that does not require an answer.

## VI. <u>AFFIRMATIVE AND OTHER DEFENSES</u>

146.    Plaintiffs are barred from relief sought, in whole or in part, due to their unclean hands.

147.    Plaintiffs are barred from relief due to fraud and/or breach of fiduciary duty by Dan White individually and/or on behalf of the entities with whom he was or is associated.

148.    Damages, if any, were not caused by the fault, negligence or breach of any duty by Defendants.

Respectfully submitted,

*/s/ B. Russell Horton*
B. Russell Horton
State Bar No. 10014450
**GEORGE BROTHERS KINCAID & HORTON, LLP**
1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094
Email: rhorton@gbkh.com

*Attorney for Defendants Adam Zarafshani and*
*Panache Construction and Development, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 16th day of October, 2020, a true and correct copy of the foregoing document was filed via the Court's electronic e-service and will be served in accordance with the Federal Rules of Civil Procedure.

Bruce J. Duke, Esq. (admitted *Pro Hac Vice*)
Bruce J. Duke, LLC
788 Shrewsbury Avenue, Suite 2220
Tinton Falls, NJ 07724
brucedukeesq@gmail.com

Deborah D. Williamson
Dykema Gossett PLLC
112 E Pecan St, Suite 1800
San Antonio, TX 78205
dwilliamson@dykema.com

***Attorneys for Plaintiffs***

Thomas C. Scannell
Foley & Lardner LLP
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201
tscannell@foley.com

***Attorneys for Defendant Romspen Mortgage Limited Partnership
And Romspen Investments Corporation***

*/s/ B. Russell Horton*
B. Russell Horton